UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY ROE, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 5193 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KINDRED HOSPITALS EAST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Tammy Roe brought this employment discrimination suit against her employer, Kindred Hospitals East, LLC, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, failure to accommodate and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Doc. 1. Before filing suit, Roe submitted to the Equal Employment Opportunity Commission ("EEOC") a charge that checked the boxes for retaliation and disability, but not for race or age. Doc. 1-1. The narrative portion of the charge stated:

> **Statement of Harm:** I was discriminated and treated in a disparate manner due to my disability. I had no issues in the workplace until I began to report to a new supervisor last year. After the new supervisor came on board, I was subjected to unwarranted discipline and disparate treatment than other similarly situated employees. I reported her concerns to management, but remedial action was not taken. I believe I was targeted by my supervisor due to my light duties restriction and use of intermittent protected medical leave.
>
> **Statement of Discrimination:** I believe I have been discriminated against because of a disability, in violation of Title I of the Americans with Disabilities Act of 1990 (ADA).

*Ibid.*

1

Noting that Roe's EEOC charge checks the boxes for retaliation and disability but not for race or age, and that the narrative portion of Roe's charge references disability discrimination but not race or age discrimination, Kindred moves the dismiss Roe's Title VII race discrimination claims (Counts I and X) and ADEA claims (Counts VII-IX) for failure to exhaust. Doc. 29. Title VII and ADEA claims must be exhausted in an administrative charge. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[Before bringing a Title VII claim, a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter."); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) ("In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge.") (citing 29 U.S.C. § 626(d)). An EEOC charge exhausts not only the claims expressly referenced therein, but also claims that are "like or reasonably related to" the referenced claims. *See Sommerfield v. City of Chicago*, 863 F.3d 645, 648 (7th Cir. 2017). The question here, then, is whether Roe's Title VII race discrimination claims and ADEA claims are like or reasonably related to the claims referenced in her EEOC charge.

Although "[c]ourts review the scope of an EEOC charge liberally," *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015), the disability discrimination and retaliation claims described in Roe's charge are not "like or reasonably related to" either her ADEA or Title VII race discrimination claims. *See Johnson v. Beach Park Sch. Dist.*, 638 F. App'x 501, 502 (7th Cir. 2016) ("Johnson failed to exhaust her administrative remedies for her age discrimination claim [because] [n]othing in her EEOC charges … even hints at age discrimination."); *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or

2

reasonably related to one another.") (internal quotation marks omitted); *Ajayi*, 336 F.3d at 527 (holding that an EEOC charge alleging that the plaintiff was terminated due to her national origin did not exhaust an age discrimination claim where she did not "mention age anywhere in the charge," check the "age-discrimination box," specify the ages of the persons treated more favorably than her, or allege "any other facts that might have alerted the EEOC to the claim"); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir.1992) (holding that "the racial harassment claims [in the federal complaint] were never properly presented to the EEOC" because the plaintiff's EEOC charge did not contain specific facts supporting a race discrimination claim). Roe's ADEA claims and Title VII race discrimination claims accordingly are dismissed for failure to exhaust.

    The dismissal is without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). This principle applies to dismissals for failure to exhaust a claim in an EEOC charge; such dismissals are without prejudice to the plaintiff pursuing her claim in federal court upon properly exhausting the unexhausted claims, subject of course to the statute of limitations and any other defenses. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) ("Because [the plaintiff] failed to exhaust administrative remedies, her complaint

must be dismissed without prejudice."); *Brown v. United Airlines, Inc.*, 2015 WL 5173646, at *4 (N.D. Ill. Sept. 2, 2015); *Hillman v. Costco Wholesale Corp.*, 2014 WL 3500131, at *10 (N.D. Ill. July 14, 2014). That said, the court's holding that Roe did not exhaust her administrative remedies as to the dismissed claims is preclusive as to an attempt to relitigate the exhaustion issue. *See Hill v. Potter*, 352 F.3d 1142, 1147 (7th Cir. 2003).

March 1, 2019

United States District Judge